KLEIN, J.
Appellant was convicted of several counts of delivery of drugs to a minor and *930 one count of possessing drug paraphernalia. We reject his argument that there was insufficient evidence for the convictions, but agree that the trial court erred in not allowing him to cross-examine two juveniles about criminal charges pending against them.
The trial court refused to allow the cross-examination of the witnesses on the pending charges on the assumption that, because they were juveniles, this information was confidential. The right to cross-examine witnesses under the Sixth Amendment, however, outweighs the state’s interest in preserving the confidentiality of juvenile delinquency records. Davis v. Alaska, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974). Because pending charges against a prosecution witness are relevant to show bias, motive or self-interest, Torres-Arboledo v. State, 524 So.2d 403 (Fla.1988), the court erred in not allowing this cross-examination.
Appellant also argues that the trial court erred in not allowing him to impeach one of the juvenile witnesses with information she had posted on a website; however, he has cited no authority supporting his argument. See Farinas v. State, 569 So.2d 425 (Fla.1990) (evidence of particular acts of misconduct cannot be used to impeach the credibility of a witness).
Reversed for a new trial.
WARNER and TAYLOR, JJ., concur.