DAMOORGIAN, J.
K.A.A. appeals from an adjudication of juvenile delinquency on the charge of unlawfully possessing a gun on school grounds. K.A.A. argues that the trial court erred in not allowing him to cross-examine the State’s juvenile witness about criminal charges pending against the witness. We agree and reverse.
In Tuell v. State, 905 So.2d 929 (Fla. 4th DCA 2005), we held that a defendant has the right to examine a juvenile prosecution witness about his/her pending criminal charges to show bias, motive or self-interest. Id. at 930 (citing Torres-Arboledo v. State, 524 So.2d 403, 409 (Fla.1988)). “The right to cross-examine witnesses ... outweighs the state’s interest in preserving the confidentiality of juvenile delinquency records.” Id. (citing Davis v. Alaska, 415 U.S. 308, 319, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974)). Accordingly, the trial court erred when it prohibited K.A.A. from cross-examining the State’s juvenile witness about the witness’s pending juvenile charges.
We reject the State’s harmless error argument on the grounds that defense counsel was allowed to cross-examine the witness on “every other point”. State v. DiGuilio, 491 So.2d 1129 (Fla.1986). This was the main witness for the State and examination into and evidence of bias, motive or self-interest would have been relevant and, if proven, would have impacted the witness’ credibility. The State cannot prove beyond a reasonable doubt that the error did not contribute to K.A.A.’s delinquency finding. Thus, the error is not harmless.

Reversed and Remanded.

GROSS, J., and STONE, BARRY J., Senior Judge, concur.